■ LOUIS F. JACOB, Appellant, v. MONTGOMERY WARD & COMPANY et al., Respondents.— In a negligence and breach of warranty action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered April 16, 1969, in favor of defendants upon the trial court's dismissal of the supplemental complaint at the end of plaintiff's case upon a jury trial of the issue of liability only. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The questions of fact have not been considered. In our opinion, at the end of plaintiff's proof triable issues existed concerning whether defendant Norge was negligent, whether plaintiff's alleged contributory negligence was a legal contributing cause of his injury, and whether both defendants had breached their implied warranties of merchantability. Brennan, Acting P. J., Martuscello and Kleinfeld, JJ., concur; Munder, J., dissents and votes to affirm the judgment, with the following memorandum: In my opinion, the supplemental complaint was properly dismissed at the close of plaintiff's case. The evidence adduced at the trial discloses that plaintiff was unable to perceive what was inside the washing machine because the front panel had not been removed by him in accordance with the explicit installation instructions. Nevertheless, he reached into the machine, the interior of which was dark, and was injured when his finger was caught on a suspension leaf. Under the circumstances, I cannot find any reasonable basis for imposing liability upon the manufacturer or retailer. Plaintiff failed to establish negligence on the part of defendants, his own freedom from contributory negligence, or the breach of any warranty, express or implied. (Beldock, P. J., deceased.)